865 F.2d 1256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clarence BAILEY, Petitioner-Appellant,
v.
John BROWN, Warden, M.C.I., Respondent-Appellee.
 No. 88-7539.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 31, 1988.
Decided: Dec. 20, 1988.
 
 Clarence Bailey, appellant pro se.
 Richard Bruce Rosenblatt (Office of the Attorney General of Maryland), for appellee.
 PER CURIAM:
 
 
 1
 Clarence Bailey, a Maryland inmate, appeals the judgment of the district court dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. We affirm, but for reasons slightly different from those offered by the district court.
 
 
 2
 In his petition Bailey alleged that a previously imposed probation was improperly revoked because: (1) he was denied due process when he was not afforded a formal hearing, written notice of all the charges, the opportunity to present witnesses and documentary evidence, and notice of the evidence against him; (2) the sentencing judge abused his discretion by relying on inaccurate, insufficient evidence, and upon invalid prior convictions in revoking his probation; and (3) he was denied the effective assistance of counsel because his attorney did not see or speak to him before the hearing began, did not ask adequate questions, and did not request a postponement to obtain the testimony of a material witness.
 
 
 3
 The petition was referred to a United States Magistrate for report and recommendation pursuant to 28 U.S.C. Sec. 636(b)(1). Although respondent had not asserted a procedural bar as a basis for dismissing any of the claims, the Magistrate found that claims (1) and (3) should be dismissed because of Bailey's procedural default in state court. See Wainwright v. Sykes, 433 U.S. 72 (1977). Even though the record supports a finding that a procedural bar may have been appropriate, the law in this circuit is unclear as to whether a district court may sua sponte raise a procedural bar as a basis for dismissal of a claim when the state has failed to assert it. See, e.g., Barrera v. Young, 794 F.2d 1264, 1268-69 (7th Cir.1986) (federal court should not sua sponte raise a procedural bar to deny review of a claim); accord Boykins v. Wainwright, 737 F.2d 1539, 1545 (11th Cir.1984), cert. denied, 470 U.S. 1059 (1985); Washington v. Watkins, 655 F.2d 1346 (5th Cir.1981), cert. denied, 456 U.S. 949 (1982). We need not decide this issue in this case, however, because claims (1) and (3) on their merits do not entitle Bailey to habeas relief.
 
 
 4
 The Magistrate noted that based on her review of the record, Bailey was not denied due process at his probation revocation hearing. We have carefully reviewed the record in this case and conclude that Bailey's due process rights were not violated at his probation revocation hearing, Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973), nor was Bailey denied the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). Similarly, we conclude that Bailey's abuse of discretion claim was without merit for the reasons stated by the district court. Bailey v. Brown, C/A No. 86-3729-HAR (D.Md. Jan. 22, 1988).
 
 
 5
 Accordingly, because the dispositive issues have recently been decided authoritatively, we dispense with oral argument and affirm the judgment below.
 
 
 6
 AFFIRMED.